FILED
Clerk's Office
USDC, Mass.
Date 2-14-05
By mR
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 9, 2005

Edward P. Ryan, Jr.
O'Connor & Ryan, P.C.
61 Academy Street
Fitchburg, MA 01420

Re:  United States v. Antonio Cardona, a/k/a "Ant"
     Criminal No. 04-10114-DPW

Dear Mr. Ryan:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Antonio Cardona, a/k/a "Ant"("Defendant"), in the above-captioned case. The Agreement is as follows:

1.  **Change of Plea**

At the earliest practicable date, Defendant shall plead guilty pursuant to Fed.R.Crim.P. 11(c)(1)(C) to Counts One (conspiracy to distribute cocaine base in a playground zone) and Two (distribution of cocaine base in a playground zone) of the Superseding Indictment in the above-entitled matter and to so much of Count Four as alleges distribution of cocaine base in a playground zone . Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the aforesaid crimes charged in Counts One, Two and Four of the Superseding Indictment, and is in fact guilty of those offenses. Following the imposition of sentence, the U.S. Attorney agrees to dismiss the original Indictment against Defendant.

2.  **Penalties**

Defendant faces the following minimum mandatory and maximum penalties on each of Counts One, Two and Four: a maximum term of imprisonment for 40 years; a mandatory minimum term of imprisonment for 1 year; a term of supervised release for at least 6 years and up to a maximum of life; a fine of up to two million dollars; and a one hundred dollar special assessment on each count.

3.   <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, __ U.S. __ , 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing guidelines:

  (a)   The parties agree to take the position that the quantity of cocaine base, also known as crack cocaine, involved in the offenses of conviction was at least 1 gram, but less than 2 grams. Accordingly, U.S.S.G. § 2D1.1(c)(11) applies to Defendant.

  (b)   The parties agree to take the position that the offenses charged in Counts One, Two and Four of the Superseding Indictment occurred within 1,000 feet of the Little Scobie Playground. Accordingly, U.S.S.G. § 2D1.2(a)(1) applies to Defendant. Accordingly, Defendant's Base Offense Level under the Sentencing Guidelines is 20.

  (c)   Defendant has four criminal history points and therefore falls within Criminal History Category III under the Sentencing Guidelines.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if, at any time between his execution of this Agreement and sentencing, Defendant:

  (a)   Fails to admit a complete factual basis for the plea;

  (b)   Fails to truthfully admit his conduct in the offenses of conviction;

  (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

 (d) Fails to provide truthful information about his financial status;

 (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

 (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

 (g) Intentionally fails to appear in Court or violates any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

### 4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that, after consideration of all factors set forth in 18 U.S.C. § 3553(a), including the provisions of U.S.S.G. §§ 4A1.3 and 5K2.0 - 5K2.21, the following disposition of this case is reasonable:

 (a) incarceration for thirty (30) months, including a mandatory minimum one year;

 (b) a $300 (three hundred dollar) mandatory special assessment;

 (c) supervised release for six (6) years; and

 (d) no fine, since Defendant is unable to pay any fine imposed, even if allowed to pay such a fine on an installment basis.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

7.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.  Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

9.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local

4

prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Patrick M. Hamilton.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
JAMES B. FARMER
Acting Chief,
Organized & Violent Crime Section

PATRICK M. HAMILTON
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have ~~had~~ this letter ~~read to me in Spanish~~ in its entirety and have discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

ANTONIO CARDONA, a/k/a "Ant"
Defendant

Date: 2/14/05

I certify that Antonio Cardona has ~~had~~ this Agreement read to him in its entirety in Spanish and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

EDWARD P. RYAN, JR., ESQ.
Attorney for Defendant

6